[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The above-captioned suit on a note came before this court for trial on the merits on January 24, 1997. The plaintiff claims the principal and interest due on a promissory note signed by the CT Page 355-S defendants on June 20, 1991. The defendants have pleaded as a special defense that the note was given in payment not only for work done but also for work to be done and that the plaintiff did not perform all work satisfactorily.
After carefully assessing the credibility of the two witnesses, the court finds the facts to be as follows.
In January 1991 Frank Triumfo, for whom the plaintiff had done many plumbing, and heating jobs in the past, and Anthony Fappiano, Triumfo's partner, contracted with the plaintiff to renovate the heating and plumbing at a property they were preparing for resale. The work involved multiple buildings. Part of the property was the subject of a written contract, Exhibit 2, but most of the work that the defendants asked the plaintiff to perform was left to an oral agreement. The court finds that the plaintiff performed the various tasks between January 1991 and June 1991 but that the only payment the defendants made during that time period was one in the amount of $1,000.00. As of June 1, 1991, the defendants owed the plaintiff $17,542.33.
Because the defendants had run out of money for this project and were unable to pay the outstanding charges, they agreed to execute a note, agreeing to pay the balance in a year and to pay monthly interest on the amount due until the final payment date CT Page 355-T of July 1, 1992. The defendants made four of the specified interest payments in the amount of $219.28 between July 1991 and January 1992. They defaulted as to the other interest payments and as to the principal amount on the due date.
The court does not find credible defendant Fappiano's testimony to the effect that part of the consideration for the note was to be future performance by the plaintiff. The $17,542.33 is the precise amount of the unpaid charges for work performed between January and April 1991, and the amount of the note does not therefore reflect any payments for future work.
The court finds that the defendants failed to make payment in compliance with the terms of the note. The note provides for interest to accrue at the rate of fifteen percent from the date of an event of default. The court finds that the amount due as of July 1, 1992 was $20,173.69 and that as of that date the defendants had paid only $877.12, such that $131.28 in interest was due in addition to the unpaid installments as of that date. The interest due on the unpaid $20,304.97 between July 1, 1992 and the date of this ruling is $14,213.48. The court has not compounded the interest as the note does not provide for compounding.
The note provides for recovery of costs of collection, CT Page 355-U "including a reasonable attorney's fee." Since this case included a hearing on a prejudgment attachment as well as a trial on the merits, this court finds that the plaintiff has reasonably incurred fees for costs of collection in the amount of $4,000.00.
The defendants have failed to prove by credible evidence the allegations of their special defense.
Judgment shall enter in favor of the plaintiff against both defendants, jointly and severally, in the amount of $34,518.45, plus attorney's fees in the amount of $4,000.00 plus court costs to be taxed upon application to the clerk.
Beverly J. Hodgson Judge of the Superior Court